IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-HC-2023-FL

ARTHUR A. BLUMEYER,

    Petitioner,

v().    ORDER

TRACY JOHNS,

    Respondent.

FILED
JUL 13 2011
DENNIS P. IAVARONE, CLERK
US DISTRICT COURT, EDNC
BY_____ DEP CLK

Petitioner, a federal inmate, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter is before the court for an initial review pursuant to 28 U.S.C. § 2243. The matter also is before the court on petitioner's motion to supplement (DE # 6), as well as petitioner's motion for release pending resolution (DE # 4).

The court begins with its initial review of petitioner's action. Pursuant to § 2243, the court must "issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. The court cannot conclude on the face of the application that petitioner clearly is not entitled to relief, and accordingly ALLOWS petitioner to proceed with his claim.

The court also ALLOWS petitioner to supplement his motion for release, in which he requests to be released on recognizance pending resolution of this action. However, the court DENIES petitioner's request for release pending resolution. Before an inmate may be released on bail pending a collateral attack on his conviction, he must show substantial constitutional claims on

"which he has a high probability of success, and exceptional circumstances making a grant of bail necessary for the habeas remedy to be effective." See United States v. Eliely, 276 F. App'x 270, 270 (4th Cir. 2008) (unpublished). In this case, petitioner has not satisfied this demanding standard.*

In summary, petitioner's motion to supplement (DE # 6) is GRANTED. However, petitioner's motion for release pending resolution (DE # 4) is DENIED. Finally, petitioner is ALLOWED to proceed with this action, and the Clerk of Court is DIRECTED to maintain management of this action.

SO ORDERED, this the 11th day of July, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

---

* Petitioner cites Geddings v. United States, No. 5:06-CR-136-D; 5:08-CV-425-D, 2010 WL 2639920 (E.D.N.C. June 29, 2010), in support of his argument that he should be released on bond pending the outcome of this action. In Geddings, the government moved to release the petitioner and conceded that the petitioner was entitled to have his conviction vacated under § 2241. Id. at *2. By contrast, the government in this case has not conceded that petitioner is entitled to have his conviction vacated pursuant to § 2241, nor has petitioner independently satisfied the standard for release pending post-conviction proceedings set forth in Eilely.

2