IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-HC-2023-FL

| | |
|---|---|
| ARTHUR A. BLUMEYER, | ) |
| Petitioner, | ) |
| v. | ) ORDER |
| TRACY JOHNS, | ) |
| Respondent. | ) |

Petitioner petitioned this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. On December 27, 2011, this court granted petitioner's motion for voluntary dismissal pursuant to Rule 41(a)(1), and dismissed this case without prejudice. The matter now is before the court on petitioner's motion to set aside the voluntary dismissal (DE # 19) and motion to transfer the action (DE # 18). Respondent has not responded to either motion. In this posture, these matters are ripe for adjudication.

A voluntary dismissal pursuant to Rule 41(a) completely terminates a pending action. See Miller v. Underwood, 894 F.2d 402, 1990 WL 2277, * 1 (4th Cir. Jan. 5, 1990 ) (citing Long v. Board of Pardons and Paroles of Texas, 725 F.2d 306 (5th Cir. 1984)). A petitioner may not attempt to withdraw his voluntary dismissal subsequent to its filing, because the dismissal is effective upon filing and no further proceedings are proper. See Marex Titanic, Inc v. Wrecked and Abandoned Vessel, 2 F.3d 544, 547 (4th Cir. 1993); Shlikas v. Wake Forest Univ., No. 1:97CV01188, 1999 WL 1939241, *2 (M.D.N.C. May 26, 1999). Based upon the foregoing, petitioner's motion to set aside the voluntary dismissal (DE # 19) is DENIED. Because the court denied petitioner's motion to set

aside his voluntary dismissal, the court DENIES as moot petitioner's motion to transfer the action (DE # 18).

SO ORDERED, this the 16th day of May, 2012.

/s/ Louise W. Flanagan
LOUISE W. FLANAGAN
United States District Judge

2

Case 5:11-hc-02023-FL   Document 20   Filed 05/16/12   Page 2 of 2